UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALLY J. GROSS,

                                           Plaintiff,

     -v.-                                                    5:08-CV-00527
                                                                   (NPM/GHL)
STATE OF NEW YORK,

                                           Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

FOR THE PLAINTIFF:

Sally J. Gross, pro se
103 Scottholm Boulevard
Syracuse, New York 13224

FOR THE DEFENDANT:

Andrew M. Cuomo, Attorney General     Adele M. Taylor-Scott, Assistant
 of the State of New York                    Attorney General
The Capitol
Albany, NY 12224-0341

Neal P. McCurn, Senior District Judge

## *Memorandum, Decision and Order*

### *I. Introduction*

     This civil rights action was commenced by pro se plaintiff, Sally J. Gross ("Plaintiff") against the State of New York ("Defendant"), seeking declaratory relief and monetary damages arising from an alleged violation of Plaintiff's rights

under the Fourteenth Amendment to the United States Constitution. For various reasons, Defendant moved to dismiss the entire complaint against it, with prejudice. Plaintiff opposes the motion, and Defendant has replied. The pending motion is decided on the papers submitted, without oral argument.

## *II. Background*

In a previous action commenced in New York State Supreme Court, Plaintiff sued her two former business partners. At some point during the course of that litigation, both partners, who were brothers, passed away. According to Plaintiff, the spouse of the executrix of the estate of one of the partners was former criminal court judge, Lester Sachs. Plaintiff alleges the judge presiding over the state court action, John T. Buckley ("Justice Buckley"), was also a former criminal court judge. Plaintiff further alleges that Justice Buckley engaged in several acts of judicial misconduct, and that he violated her due process rights in several ways during the course of the litigation. In particular, Plaintiff alleges that Justice Buckley repeatedly acted with bias toward the estates of her former partners due to the involvement of Justice Sachs.

Ultimately, the matter was decided, ostensibly to Plaintiff's detriment, as she appealed the decision to the New York Appellate Division, Fourth Department. The Appellate Division unanimously affirmed "for reasons stated in decision at Supreme Court, Buckley, J." Sachs v. Gross, 683 N.Y.S.2d 689, 256 A.D.2d 1114 (N.Y. App. Div. 1998). Plaintiff's motion for leave to further appeal was denied by the New York Court of Appeals. See Sachs v. Gross, 717 N.E.2d 1082, 93 N.Y.2d 1000, 695 N.Y.S.2d 745 (1999).

Several years later Plaintiff sought and was denied permission to serve and

file a late claim against Defendant in the Court of Claims for the State of New York.  See Gross v. State of New York, 819 N.Y.S.2d 848, 11 Misc. 3d 1084(A) (N.Y. Ct. Cl. 2006).  Plaintiff thereafter thoroughly exhausted her appeals.  First, the Appellate Division, Fourth Department unanimously affirmed "for reasons stated in decision at the Court of Claims."  See Gross v. State of New York, 827 N.Y.S.2d 903, 37 A.D.3d 1062 (N.Y. App. Div. 2007).  The Court of appeals subsequently denied leave to appeal, see 868 N.E.2d 233, 8 N.Y.3d 811, 836 N.Y.S.2d 550 (2007), and finally, the United States Supreme Court denied Plaintiff's petition for certiorari, see 128 S.Ct. 300 (2007).

On May 20, 2008, Plaintiff commenced this action against Defendant alleging the violation of her rights protected by the Fourteenth Amendment as a predicate to a civil rights claim pursuant to 42 U.S.C. § 1983.  Plaintiff seeks a declaratory judgment as well as monetary damages against Defendant.  Specifically, Plaintiff seeks four million dollars in compensatory damages, plus interest, as well as punitive damages.

Defendant now moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant contends that subject matter is lacking here as (1) it is not a "person" within the meaning of § 1983; (2) this action is barred by the Eleventh Amendment; (3) the underlying actions of Justice Buckley are protected by absolute immunity; and (4) this action is barred under the Rooker-Feldman doctrine.  Defendant contends that in the alternative, the complaint should be dismissed for failure to state a claim upon which relief may be granted because Plaintiff's claim is barred by the

3

applicable statute of limitations.

### III. Discussion

#### A. Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. See World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).[1] The Court of Appeals for the Second Circuit has interpreted the foregoing language to require that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" but does not require a heightened pleading standard for civil rights claims. Iqbal v. Hasty, 490.3d 143, 157-58 (2d Cir.2007) (emphasis in original). In accordance with this standard, the plaintiff is required, "at a bare minimum, . . . [to] provide the grounds upon which his claim rests through factual allegations

---

[1] By its opinion in Bell Atlantic, the Supreme Court abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. 544, ----, 127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In doing so, the Court found that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id., at 1969.

4

sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 -57 (2d Cir. 2008) (citing ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)) (quoting Twombly, 127 S.Ct. at 1965))).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is governed by the same standard as a Rule 12(b)(6) motion, "except that a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Friedlander v. Port Jewish Center, 588 F.Supp.2d 428, 430 (E.D.N.Y. 2008) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)) (internal quotations omitted).

Finally, the court is mindful of the well-established principle that a pro se litigant's papers are to be construed liberally, especially when civil rights violations are alleged. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 ( 2d Cir. 2008) (internal citations omitted). Thus, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam)). Accordingly, the court must interpret Plaintiff's "submissions to raise the strongest arguments that they suggest." Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (internal quotation and citation omitted). Further, "when reviewing pro se submissions, a district court should look at them 'with a lenient eye, allowing borderline cases to proceed.'" Phillips v. Girdich, 408 F.3d 124, 127-128 (2d Cir. 2005) (quoting Fleming v. United States, 146 F.3d 88, 90 (2d Cir.1998) (per curiam)).

5

### *B. Subject Matter Jurisdiction*

To begin with, it is well settled law that the Eleventh Amendment bars § 1983 claims against states, such as Defendant here, absent their consent. See Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (citing Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139 (1979)). Such sovereign immunity applies not only to claims for monetary damages, but also claims for declaratory and injunctive relief. See Falchenberg v. New York State Dep't of Educ., 567 F.Supp.2d 513, 523 (S.D.N.Y. 2008) (citing Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347 (1974); Cory v. White, 457 U.S. 85, 90-91, 102 S.Ct. 2325 (1982)). Moreover, despite Plaintiff's repeated assertions that Defendant has consented to suit in this court pursuant to section 8 of the New York Court of Claims Act, it has not. See Abrahams v. Appellate Div. of Supreme Court, 473 F.Supp.2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir.1977)) (finding that New York State has not consented to suit in federal court). While the Court of Claims Act waives Defendant's immunity from liability, it does so only for suits brought in the New York Court of Claims, not, as here, federal court. See Jean-Laurent v. Wilkerson, 438 F.Supp.2d 318, 322 (S.D.N.Y. 2006) (citing Glassman v. Glassman, 131 N.E.2d 721, 724, 309 N.Y. 436 (1956)). Consequently, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Mindful of the requirement to liberally construe a pro se plaintiff's papers, Plaintiff's complaint here could be interpreted to allege a civil rights claim against Justice Buckley. However, even under this construction, Plaintiff's complaint will not survive Defendant's motion to dismiss, as Justice Buckley is protected from

6

suit by the doctrine of absolute immunity. "Absolute immunity confers complete protection from civil suits." Taylor v. Brentwood Union Free Sch. Dist., 908 F.Supp. 1165, 1172 (E.D.N.Y. 1995) (quoting Tulloch v. Coughlin, 50 F.3d 114, 116 (2d Cir.1995)). "Judges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967)). The Court of Appeals for the Second Circuit has noted that the Supreme Court developed a two-part test for determining whether absolute judicial immunity applies. See Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997) (citing Stump v. Sparkman, 435 U.S. 349, 360, 98 S.Ct. 1099, 1106 (1978)).

> First, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. Second, a judge is immune only for actions performed in his judicial capacity.

Tucker, 118 F.3d at 933 (citing Stump, 435 U.S. at 356-57, 360-63, 98 S.Ct. at 1105-08) (internal citations and quotations omitted). As is particularly applicable to this case, the Supreme Court noted in Stump that it previously clarified the distinction between "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter." 435 U.S. at 356 n.6, 98 S.Ct. at 1104 (quoting Bradley v. Fisher, 80 U.S. 335, 351-352 (1871)). In Bradley, the Court stated:

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other

7

> questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

Id. There is no question that Supreme Courts of the State of New York are courts of general jurisdiction, and are "competent to entertain all causes of action [] unless ... jurisdiction has been specifically proscribed." Wells Fargo Bank Minn., Nat'l Ass'n v. Mastropaolo, 837 N.Y.S.2d 247, 251, 42 A.D.3d 239, 244 (N.Y. App. Div. 2007) (quoting Thrasher v. United States Liab. Ins. Co., 225 N.E.2d 503, 506, 19 N.Y.2d 159, 166, 278 N.Y.S.2d 793 (N.Y. 1967)).

Here, Plaintiff alleges that Justice Buckley engaged in several acts of misconduct. However, each of those alleged acts were taken in his capacity as a judge. Even if, as Plaintiff alleges, Justice Buckley acted in error, in excess of his authority, or corruptly, he nonetheless acted within his jurisdiction as a Supreme Court judge, and accordingly, is immune from liability for those alleged acts. See Peia v. United States, 152 F.Supp.2d 226, 235 (D. Conn. 2001) (quoting Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982) (finding that absolute judicial immunity "applies even when the judge is accused of acting maliciously and corruptly....")). Thus, even interpreting the complaint to state a claim against Justice Buckley, subject matter jurisdiction over such a claim is lacking as he is protected by absolute judicial immunity.

Because the court clearly lacks subject matter jurisdiction, the remainder of Defendant's arguments in support of its motion will not be addressed.

## *IV. Conclusion*

In accordance with the foregoing discussion, it is

8

ORDERED that the motion to dismiss this action in its entirety for lack of subject matter jurisdiction by defendant, State of New York against plaintiff, Sally J. Gross, is GRANTED.

The Clerk of the Court is accordingly directed to close this case.

IT IS SO ORDERED.

DATED:   March 31, 2009
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge